**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. CR 91-392-TUC-CKJ |
| vs. | ) | |
| | ) | **ORDER** |
| Lyle Gerald Johns, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. 875) filed by Lyle Gerald Johns ("Johns"). The government has filed a response (Doc. 885) and Johns has submitted a reply (Doc. 890). The parties presented evidence and argument to the Court on June 3, 2019. The government takes no position on whether Johns' request for compassionate release should be granted.

*Background*

A jury found Johns guilty of one count of possession and one count of conspiracy to possess with intent to distribute marijuana, and two counts of possession and one count of conspiracy to possess with intent to distribute cocaine. Johns was subsequently sentenced to 40 year terms of imprisonment on each of the two marijuana-related convictions and concurrent terms of life imprisonment on each of the three cocaine-related convictions.

Johns is now 81 years old and has served almost 23 years of his sentence. Johns seeks compassionate release pursuant to Section 603(b)(1) of the First Step Act.

During the June 3, 2019, hearing, evidence was presented to the Court. Clinical Director Heidi Haight-Biehler, D.O., testified she physically examined Johns with regards to his request for a reduction in sentence and reviewed his activities of daily living. Dr. Haight-Biehler testified BOP cannot provide conventional treatment that would substantially improve Johns' mental or physical condition because his medical condition is age-related.

Counselor Aaron Nava testified Johns' mobility and ability to perform day-to-day activities have significantly declined over time. He also testified that he personally does not feel Johns is a danger to anybody.

Additionally, medical records and letters in support of Johns were admitted into evidence. This includes a letter from Bud Riggs, who states Johns may reside with him.

*First Step Act*

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . " 18 U.S.C. § 3582(c)(1)(A). Johns and the government agree Johns has exhausted his administrative rights.

Johns moves for compassionate release pursuant to this section. A sentencing court may grant such a request where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . " *Id*. The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provides, in relevant part, that extraordinary and compelling reasons exist if:

(A) Medical Condition of the Defendant.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is--

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. 1B1.13, App. Notes.

In exercising discretion under § 3553(a) and the First Step Act, compassionate release "due to medical conditions" is generally treated as "a rare event." *White v. United States*, — F.Supp.3d — , — , 2019 WL 2067223, at *2 (W.D. Mo. May 9, 2019); *see also United States v. Clark*, 2019 WL 1052020 (W.D.N.C. Mar. 5, 2019) (denying relief, which is "extraordinary"); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. Apr. 3, 2019) (same); *United States v. Casey*, No. 1:06CR00071, 2019 WL 1987311, at *1 (W.D. Va. May 6, 2019) (same). Prisoners typically only obtain relief after serving a significant term of incarceration. *See, e.g., United States v. McGraw*, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019) (granting the motion and noting defendant already served "nearly 17 years, a significant sanction").

Here, Dr. Haight-Biehler testified Johns suffers from:

(1) osteoporosis and poor balance – without the assistance of a walker, Johns is unsteady;

(2) osteoarthritis with a high risk of fracture if he were to fall;

1. (3) severe heart disease with 70-95% stenosis of cardiac arteries, left ventricular ejection fraction of 35%, severe hypokinesis of the inferobasal wall of the ventricle, moderate globular left ventricular hypokinesis – potentially temporary fixes have been performed;

    (a) without correction, Johns may have increasing shortness of breath, decreased ability to walk or perform – especially briskly – aerobic exercise (e.g., moving in compliance with orders);

    (b) following a unsuccessful procedure, a successful stint was placed on the left heart catheterization;

    (c) an angiogram of the left lower extremity with the placement of a stint was performed and some of the plaque has been removed;

    (d) a cardiac cath critical right coronary lesion and percutaneous coronary intervention was performed;

    (e) Johns is at risk for continued cardiac degeneration;

(4) a 2017 cerebral vascular accident (i.e., a stroke) which affected vision, depth perception, and situational awareness;

(5) peripheral vascular disease, including claudication, i.e., due to plaque formation and narrowing of the blood vessels, when there is an increased demand for oxygen in a muscle or a body part, Johns has pain because there is not enough oxygen being supplied;

(6) 70-80% stenosis diffused throughout much of John's left leg and a fairly local but high-grade stenosis in the right leg; multiple operations with stints in Johns' legs during the last three years;

(7) other age-related conditions as summarized in the reports, *see* Hearing Exhibits and Doc. 876.

Mr. Nava has been Johns' counselor for 5 years. He has day to day interaction with the inmates. Johns has had a significant decline over time in his daily living activities. He no longer goes to the cafeteria to eat, his memory is fading, he is the oldest inmate at the

facility. Further, he has been sent out for medical care 50 times, although Nava was not sure over what time span. Additionally, Johns is not exercising or participating in other activities. Lastly, Johns can still take care himself as to is daily living needs – dressing, showering, brushing teeth – but is rapidly deteriorating due to his age.

The Court finds Johns is on the cusp of or is suffering from a serious physical or medical condition and is experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the BOP and from which he is not expected to recover. U.S.S.G. 1B1.13.A., App. Notes. Further, Johns is 81 years old and has served almost 23 years of his sentence. He has been a model inmate.

The requirement that the reduction is consistent with Sentencing Commission policy focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Factors to consider include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*.; *see also* 18 U.S.C. § 3142(g) factors. In light of his physical condition and the testimony of Mr. Nava, the Court finds Johns is not a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2), 18 U.S.C. § 3142(g). Moreover, any potential risk to the community can be managed by a term of supervised release, *see* 18 U.S.C. § 3142(g) (noting conditions of release can mitigate danger to the community). Further, it appears Johns has a place to live with Mr. Riggs, who has previously been approved by the probation office as able to provide a suitable residence for Johns. A sentence reduction is therefore consistent with Sentencing Commission policy.

Consideration of the § 3553(a) factors is also required for compassionate release. The Court agrees with defense counsel's argument that now drug trafficking defendants are often sentenced to lower terms of incarceration than when Johns was sentenced. Johns was in a criminal history category I when sentenced. Nonetheless, Johns' offenses involved large amounts of both cocaine and marijuana and he was an organizer or leader of the participants. In light of Johns' medical condition and the length of sentence already served, the Court

finds granting the request for compassionate release would still reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, and protect the public from further crimes of Johns.

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Johns' sentence, Johns does not pose a danger to any other person or the community while on supervised release, the § 3553(a) factors support a reduction, and the reduction is consistent with the Sentencing Commission's policy statements.

*Release of Johns*

The home inspection conducted in this matter was completed approximately two years ago. The Court finds it is appropriate for another home inspection to be completed prior to the release of Johns. The Court, therefore, will grant Johns' request for release with a delayed effective date to afford the probation office an opportunity to conduct another home inspection.

Accordingly, IT IS ORDERED:

1. The Request for Extension of Time to Answer (Doc. 878) is DISMISSED AS MOOT.

2. The Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (Doc. 875) is GRANTED.

3. The probation office shall forthwith conduct another home inspection of the residence of Bud Riggs. The probation office shall notify the Court no later than July 9, 2019, if the residence of Bud Riggs is not satisfactory to accommodate Johns' release.

4. Johns' sentence of imprisonment is reduced to time served EFFECTIVE JULY 10, 2019, and the BOP shall release Johns ON JULY 10, 2019, for placement with Bud Riggs in Tucson, Arizona.

5. Johns is placed on lifetime supervised release.

6. Johns is responsible for arranging his own transportation to the residence of Bud Riggs.

7. Johns shall report in person to the U.S. Probation Office within 72 hours of his release.

8. Johns' conditions of supervised release are imposed as follows:

IT IS ORDERED while on supervised release, Johns must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Johns must comply with the following conditions:

## MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.

2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.

3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized

to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

8) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

9) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

10) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

11) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

12) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) You must cooperate in the collection of DNA as directed by the probation officer.

2) You must submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

3) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4) You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5) You shall cooperate with the Internal Revenue Service and pay all tax liabilities. You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer.

The Court may change the conditions of supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of supervised release.

DATED this 27th day of June, 2019.

_____
Cindy K. Jorgenson
United States District Judge